IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LINDSEY LARSEN, Individually and as Mother and Next Friend of Madelyn Larsen, a Minor,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **8:13CV368**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue or, in the alternative, for transfer pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a), Filing No. 29. In this case plaintiff alleges negligence arising out of treatment provided by medical professionals surrounding the birth of her child. Filing No. 1.

I.      **Background**

Plaintiff filed this action on behalf of her minor child against the United States on December 11, 2013.  The complaint alleges negligence on the part of employees and agents of Ireland Army Community Hospital ("IACH") in, Fort Knox, Kentucky.  Plaintiff contends that negligent care during childbirth resulted in neurological harm to her child. Plaintiff lived in Fort Knox, Kentucky at the time of the birth, because the Army stationed her husband there.  Following the birth, the child went to Kosair Children's Hospital in Louisville, Kentucky for specialized treatment.  Filing No. 1, Complaint.

Defendant moves to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). Filing No. 29, Motion to Dismiss or in the Alternative Motion to Transfer.  Defendant claims that plaintiff's domicile is not Nebraska, and because the alleged negligence occurred in

Kentucky, venue is improper in Nebraska.  In the alternative, defendant argues that the court should transfer under 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a), claiming that the case should be transferred either to Georgia, where plaintiff currently resides, or the Western District of Kentucky, where all the alleged negligence occurred, for the convenience of the parties and witnesses, as well as in the interest of justice.  Defendant contends that transfer of the matter is proper, because of the inconvenience it would cause to parties as well as non-party witnesses.  Both party and non-party witnesses would have to travel from Kentucky to Nebraska, many of whom are doctors and would be required to find others to see and treat their patients during that time.

Plaintiff lived and attended school in Nebraska until 2007 while she earned her graduate degree. Filing No. 35, Plaintiff's Memorandum Brief in Response to Defendant's Motion to Dismiss or in the Alternative Motion to Transfer.  In 2006, plaintiff married her husband in Texas. Through 2010, plaintiff and her husband lived in Kentucky.  During her husband's deployment, plaintiff and her daughter rented a house between January 2011 and November 2011 in Omaha, Nebraska.  In December of that year, when plaintiff's husband returned from deployment, they moved back to Kentucky.  In May 2012, the plaintiff and her family moved to Georgia, after her husband received relocation orders from the Army.  Both plaintiff and her husband have family living in Nebraska.  Plaintiff's husband has his "home of record" in Nebraska as listed on his military personnel record.  They have expressed their desire and plan to return to the state whenever his military orders allow or when his service is finished.  There is no current time frame for a return to Nebraska.

Plaintiff and her husband never owned real property in Nebraska, but they purchased their current home in Georgia.  Additionally, they paid property taxes in Georgia, and since May 2012 have filed income tax returns in Texas.  Both plaintiff and her husband

retained their Nebraska driver's licenses, but both family vehicles have Georgia registration. Plaintiff retains her Nebraska occupational therapy license in Nebraska. Plaintiff registered to vote in Georgia for 2012 and 2013. Most of the family's belongings are in Georgia, although some small items remain in Nebraska with family members. Finally, plaintiff has joined social groups in Georgia, but does not belong to any in Nebraska. Filing No. 31, Brief in Support of Defendant's Motion to Dismiss or in the Alternative Motion to Transfer.

## II.   Standard of Review

Although a Nebraska court may find venue to be proper in Nebraska, 28 U.S.C. § 1404(a) provides that a district court may transfer any civil action to any other district or division where it might have been brought, "[f]or the convenience of the parties and witnesses" or "in the interest of justice." 28 U.S.C. § 1404(a). The historical and statutory notes associated with this section indicate that, "[s]ubsection (a) was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though venue is proper." *See* Historical and Statutory Notes, 28 U.S.C. § 1404.

"The inconveniences associated with a particular forum, moreover, can always be brought to the district court's attention by means of a motion under 28 U.S.C. § 1404(a), which provides for transfer of venue '[f]or the convenience of parties ... in the interest of justice.'" *In re Federal Fountain, Inc.*, 165 F.3d 600, 602 (8th Cir. 1999). "The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Intern., Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). A district court is not, however, limited to these enumerated factors in assessing a transfer motion. *Id.* "[S]uch determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant

3

factors." *Id.* "[T]here is no exhaustive list of specific factors to consider." *Id.* Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964). "Section 1404(a) directs a district court to take account of factors other than those that bear solely on the parties' private ordering of their affairs.  The district court ~~must~~ also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988).

"Section 1404(a) is . . . capable of classification as a procedural rule, and . . . a transfer pursuant to § 1404(a) does not carry with it a change in the applicable law." *Id* at 32; *Van Dusen,* 376 U.S. at 636-637 ("[B]oth the history and purposes of § 1404(a) indicate that it should be regarded as a federal judicial housekeeping measure").

A transfer under 28 U.S.C. § 1404(a) turns on considerations of convenience and the interest of justice and, when granted, the transferee forum is required to apply the law of the transferor state. *Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990). In general, the party seeking transfer bears the burden of establishing that the transfer should be granted. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). "This 'general' practice of according deference, however, is based on an assumption that the plaintiff's choice will be a convenient one." *In re Apple,* 602 F.3d 909, 913 (8th Cir. 2010) (noting that the Eighth Circuit has "never said that 'a choice of forum supported only by the fact that it was chosen,' in and of itself, does anything more than shift the burden of proof to a movant seeking transfer under § 1404(a)") (citation omitted). When no relevant

4

connection exists between parties, potential witnesses, or the dispute and a state, a plaintiff's choice of forum is "entitled to minimal weight in the § 1404(a) determination." *Id.*

## III.   Discussion

Generally, the court gives deference to the plaintiff's choice of forum.  When there is no relevant connection between the parties, witnesses, the dispute, and the forum, plaintiff's choice bears little weight.  *Id.*  In this case, the plaintiff chose Nebraska as the venue.

It is permissible for the court to transfer to a more convenient forum, if it is one in which the action may have been brought.  28 U.S.C. § 1404(a).  In doing so, the court takes into account all relevant factors in determining the convenience of the forum.  Transfer is permissible even if the original venue is proper.  In this instance, plaintiff claims domicile in Nebraska, but the facts indicate that Georgia is most likely her domicile.  However, a conclusive decision into plaintiff's domicile is not necessary in this case, because the court finds transfer to Kentucky to be appropriate regardless of plaintiff's domicile.

In that regard, the court finds that many of the potential witnesses live in Kentucky, 700 miles from Nebraska, making Nebraska inconvenient for them to travel to in order to testify. Having to travel that distance would require unnecessary and inconvenient expenses and arrangements by the parties, potential witnesses, and IACH.  Also, IACH and the potential physician witnesses would have to make expensive arrangements, such as finding replacements to care for their patients as well as incur travel time and expenses. Plaintiff argues that Nebraska is convenient for potential witnesses who treated her child while she lived in Omaha during 2011. Those potential witnesses, however, did not treat the child during the time in question, and their conduct is not the cause of the claim, although there might be some relevance to damages, if liability is determined.

Nebraska has no significant connection to the case. The alleged negligence did not occur in Nebraska. Nebraska is not the state where the plaintiff and potential witnesses reside. As such, there is very little relevant connection between the case and the plaintiff's choice of forum. As there is no relevant connection between the case and the choice of forum, it is permissible for the court to transfer the case to a forum more convenient for the parties and witnesses and in the interest of justice. This court finds that Nebraska is not a convenient venue for the parties or the potential witnesses.

Kentucky is the most convenient forum, because the alleged negligence occurred there and because some of the doctors still work at IACH in Fort Knox, Kentucky. Additionally, other doctors who treated plaintiff's child at Kosair Children's Hospital are located in Kentucky. As those doctors treated the neurological problems plaintiff's child developed after delivery, they are also likely witnesses. Georgia would be convenient for the plaintiff because she resides there. However, Georgia is inconvenient for the defendant and the potential witnesses for the same reasons Nebraska is an inconvenient venue. Kentucky is a more convenient forum choice, because of the number of potential witnesses, documents, and evidence located there. Potential witnesses would incur unnecessary expenses and difficulties by having to travel to either Nebraska or Georgia in order to testify.

Transfer of an action is permissible to any forum where the action may be brought. 28 U.S.C. § 1404(a). Kentucky is a forum in which the action might have been brought, because it is where the allegations arise. Taking into consideration all relevant factors, transfer to the Western District of Kentucky is the most convenient for the parties and potential witnesses.

THEREFORE, IT IS ORDERED THAT:

1. Defendant's motion to transfer, Filing No. 29, pursuant to 28 U.S.C. § 1404(a) is granted.

2. The Clerk of Court is ordered to transfer this case to the United States District Court for the Western District of Kentucky.

Dated this 9th day of June, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge